**FILED**

**SEP 1 1 2013**

**EUGENE R. WEDOFF,
BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:              )
                    )
                    )      Case No. 12 B 01021
CYNTHIA TRIPP KAMPF )
                    )
                    )
                    )      Chapter 7
    Debtor.         )
                    )

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO ALLAN J. DEMARS, ATTORNEY FOR TRUSTEE, FOR ALLOWANCE AND PAYMENT OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $35,690.00 | TOTAL COSTS REQUESTED: | $0.00 |
| TOTAL FEES REDUCED: | $1,457.37 | TOTAL COSTS REDUCED: | $0.00 |
| TOTAL FEES ALLOWED: | $34,232.63 | TOTAL COSTS ALLOWED: | $0.00 |

**TOTAL FEES AND COSTS ALLOWED: $34,232.63**

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

**(2)    Unreasonable Time**

The Court denies the allowance in part of compensation for the following task since the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone,* 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman,* 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.,* 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (compensation limited to 5%). *See also In re Pettibone Corp.,* 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (citing *Coulter v. State of Tennessee,* 805 F.2d 146, 151 (6th Cir. 1986) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

Dated: September 11, 2013

_____
Eugene R. Wedoff
United States Bankruptcy Judge

| Date | Description | Hours | Amount |
|---|---|---|---|
| June 4 | Follow up conversation with Monette Cope; claim #5 will be withdrawn without either an objection or a valuation hearing necessary | .20 | 95.00 |
| October 15 | Conversation with atty Steven Letofsky re foreclosure of Steamboat Springs property; discussion of potential deficiency claim | .20 | 95.00 |
| October 16 | Conversation with Deborah Ebner, atty for Philip Kampf (ex-husband) re proof of claim which was contingent and unliquidated; claim attempts to assert entitled to contribution for payments possibly to be made on joint obligations; no basis for allowance unless and until payments made; (Note: amended claim, in the amount of $200.00 was filed on March 21, 2013 and, as a late claim, will receive approximately $20.00; no economically useful reason to object) | .20 | 95.00 |
| November 14 | Preparation and electronic filing of Notice of Motion, Motion and Order to abandon condo at 3100 N. Sheridan, unit 913, Chicago, IL; to be presented December 11 | .70 | 332.50 |
| November 16 | Preparation and electronic filing of Notice of Motion, Affidavit of Disinterestedness, Motion and Order re employment of accountants; to be presented November 27, 2012 | .70 | 332.50 |
| | Review of docs relating to debtor's interest in Michigan real estate to determine basis for tax purposes | .20 | 95.00 |
| November 27 | Hearing on Motion to employ accts | .70 | 332.50 |
| December 11 | Hearing on Motion to Abandon | .70 | 332.50 |
| December 18 | Meeting with Lois West, CPA re tax issues | .50 | 237.50 |
| **2013** | | | |
| January 8 | Conversation with atty Mark Wheeler, new atty for debtor re revocation of discharge issues based on the debtor's non-disclosure of assets | .30 | 142.50 |
| January 13 | Meeting with accountants re tax issues, necessity of estimated tax payments, alternative classification of income items | .30 | 142.50 |
| February 25 | Review of tax returns; drafting of letters pursuant to section 505(b) requesting a prompt determination of liability on behalf of the estate | .50 | 237.50 |
| July 16,17 | Preparation of Fee Application and exhibit | 6.50 | 3,087.50 |

*Handwritten annotations:*

$\frac{\$3,087.50 \text{ (fees for fee app)}}{\$32,602.50 \text{ (fees for main matters)}} = 9.5\%$

$3,087.50 - 1,630.13 = \$1,457.37$ ← amt. of deduction

$\$32,602.50 \times 5\%$ (allowed percentage) $= \$1,630.13$